No. 22-10338

IN THE
# United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

RAMESH "SUNNY" BALWANI,

*Defendant-Appellant*.

On Appeal from United States District Court
for the Northern District of California
No. 5:18-cr-00258-EJD-2, Hon. Edward J. Davila

**APPELLANT'S UNOPPOSED MOTION TO FILE A MOTION FOR RELEASE PENDING APPEAL ENLARGED BY FOUR PAGES; DECLARATION OF MARK S. DAVIES**

Jeffrey B. Coopersmith
Aaron Brecher
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101

Amy Walsh
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

Stephen A. Cazares
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
355 South Grand Avenue,
Suite 2700
Los Angeles, CA  90071

Mark S. Davies
James Anglin Flynn
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Sachi Schuricht
Amari L. Hammonds
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Appellant*

Pursuant to Ninth Circuit Rule 32-2, Appellant Ramesh "Sunny" Balwani hereby moves to file a motion for release pending appeal in excess of the 20-page limit established by Ninth Circuit Rule 27-1(1)(d). As reflected below and in the attached declaration, Mr. Balwani has shown diligence, and there is extraordinary and compelling need for an additional four pages. Counsel for the government has informed the undersigned that the government takes no position on this motion for enlargement.

## ARGUMENT

This Court has articulated two factors to govern a motion for the enlargement of a page limitation: "a showing of diligence and extraordinary and compelling need." 9th Cir. R. 32-2(a). Mr. Balwani's request satisfies both factors.

First, Mr. Balwani has been diligent in drafting his motion for release pending appeal and has strived to limit its length. In the district-court motion for release, Mr. Balwani raised eight substantial questions in a motion that spanned over 8,100 words. In this Court, Mr. Balwani has reduced the motion's scope to just three issues, and his appellate motion has been scaled back to roughly 6,100 words.

Second, there is an extraordinary and compelling need for a modest increase in the page limit for the motion for release pending appeal. This is an

1

appeal from an extraordinarily long and complex trial. Mr. Balwani and his co-defendant Elizabeth Holmes received severed trials that each lasted four months. The transcripts for those trials run over 7,000 and 9,000 pages respectively, and there were 26 and 32 witnesses respectively. The docket in the district court presently includes 1,744 filings. This case therefore falls squarely within the Ninth Circuit Rule 32-2(a) example for a case that may warrant additional pages, namely, "a multi-defendant criminal case involving a lengthy trial." *Cf. United States v. Molina-Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002) (denying motion for overlength rehearing petition that "raises a single issue, based on a straightforward and compact factual record" and "a manageable handful of cases").

    The nature of the case is also extraordinarily complex: It deals with alleged misrepresentations about sophisticated, patented technology including biochemical assays performed on high-tech hardware using novel software—as well as alleged misrepresentations to investors about the multibillion-dollar business surrounding that technology. Each of the issues presented in Mr. Balwani's motion for release pending appeal deals with an entirely different facet of the case and an entirely different body of law: the scope of grand jury's indictment under the Fifth Amendment's Grand Jury Clause, the admission of

2

specialized testimony under Federal Rules of Evidence 701 and 702, and conduct by the government in violation of the Fifth Amendment's Due Process Clause.

Moreover, as Mr. Balwani is presently on release, his liberty is at stake, and resolution of his motion for release will determine whether he must begin to serve a sentence that is premised on the substantial errors described in the motion. And as the district court correctly found, Mr. Balwani's appeal is not taken for purposes of delay—indeed, the government did not dispute the good-faith nature of the appeal. Ex. J at 2 n.1.

Accordingly, both Rule 32-2(a) factors are satisfied, and the modest requested increase in the page limit should be granted.

## CONCLUSION

In order to safeguard his liberty and fully present the three substantial legal questions raised by his motion, Mr. Balwani respectfully requests the enlargement of the applicable limit by four pages.

March 15, 2023

Jeffrey B. Coopersmith
Aaron Brecher
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101

Amy Walsh
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

Stephen A. Cazares
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
355 South Grand Avenue,
Suite 2700
Los Angeles, CA  90071

Respectfully submitted,

*/s/ Mark S. Davies*
Mark S. Davies
James Anglin Flynn
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Sachi Schuricht
Amari L. Hammonds
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Appellant*

4

## DECLARATION OF MARK S. DAVIES

I, Mark S. Davies, declare as follows:

1. I am a partner with Orrick, Herrington & Sutcliffe LLP, and counsel for Appellant Ramesh "Sunny" Balwani. I am a member of the bar of this Court in good standing and am a member of the bar of the District of Columbia. If called as a witness, I could and would testify as follows based on my personal knowledge.

2. This appeal arises from an extraordinarily complex, four-month trial that followed an equally long and complex trial of Mr. Balwani's co-defendant Elizabeth Holmes. The trial transcripts contain 7,000 and 9,000 pages respectively, and there were 26 and 32 witnesses at each trial respectively. The district-court docket contains 1,744 filings.

3. This case involves alleges misrepresentations concerning highly sophisticated, patented blood-testing chemistries, hardware, and software, as well as the multibillion-dollar business that surrounded those technologies.

4. Mr. Balwani has diligently strived to cabin the scope of his motion for release pending appeal, reducing the number of issues by over 50% (from eight to three) and reducing the word count by roughly 2,000 words (from about 8,100 to about 6,100 words) as compared to the same motion filed in the district court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Santa Fe, New Mexico, on March 15, 2023.

/s/ *Mark S. Davies*
Mark S. Davies

*Counsel for Appellant*

6