No. 22-10338

---

### IN THE
# United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RAMESH "SUNNY" BALWANI,

*Defendant-Appellant*.

On Appeal from United States District Court
for the Northern District of California
No. 5:18-cr-00258-EJD-2, Hon. Edward J. Davila

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR AN EXTENSION OF TIME TO FILE ITS ANSWERING BRIEF

Jeffrey B. Coopersmith
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA  98101

Amy Walsh
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

Stephen A. Cazares
Amari L. Hammonds
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071

Mark S. Davies
James Anglin Flynn
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Sachi Schuricht
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

Aaron Brecher
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

ARGUMENT ...................................................................................................... 3

CONCLUSION................................................................................................... 6

i

**INTRODUCTION**

The Court should deny the government's third motion for an extension for its answering brief. The government's latest extension frustrates the administration of justice because it would yield a three-and-a half-month delay in a criminal case with an incarcerated defendant. Mr. Balwani has a substantial liberty interest in having his appeal resolved without undue delay.

Last month, this Court announced its intent to "streamline briefing schedules across all case types" as part of an effort to "schedule argument in cases once the answering brief is filed." Accordingly, "the streamlined extension is intended to be the sole extension," and further motions "will no longer be routinely granted."[1]

Here the government has already sought and obtained an initial 30-day streamlined extension and a second 45-day extension. With these additional 75 days, the government will have had a total of 105 days since Mr. Balwani's opening brief to file its answering brief. Any further delay is unwarranted. The Court should deny the government's third consecutive motion and order the government's brief filed on the already substantially extended deadline of August 21, 2023.

---

[1] https://perma.cc/V7LD-XNN6

## BACKGROUND

**1.** After the government successfully opposed release pending appeal, Mr. Balwani surrendered to the Bureau of Prisons on April 20, 2023. *See* Dkts. 11, 14.

**2.** Mr. Balwani has diligently prosecuted this appeal. For his opening brief, he took the standard 30-day streamlined extension and one other 14-day extension, for a total of 44 days. Dkts. 6, 19. Mr. Balwani timely filed his opening brief on May 4, 2023. Dkt. 21.

**3.** By contrast, the government has already taken nearly twice that amount of time in extensions: First, it took the 30-day streamlined extension, and then it took a further 45-day extension to August 21, 2023, for a total of 75 days. Dkts. 37, 39 (May 26, 2023 and June 28, 2023 extension requests). Granting the instant motion will bring the total to 105 days past the original deadline.

**4.** In support of that second extension motion, counsel for the government represented to Mr. Balwani and to the Court: "I have exercised diligence and I will file the brief within the time requested"—i.e., by August 21, 2023. Dkt. 39, at 3.

**5.** If the Court grants the pending motion for a further 30 days, the government will have had 4.5 months since Mr. Balwani's opening brief was filed to compose its answering brief.

## ARGUMENT

**A.** The Court should deny the government's third extension motion. That motion does not measure up to the applicable standard: whether the government has shown "diligence and substantial need," Cir. R. 31-2.2(b); *see also* Fed. R. App. P. 26(b) ("good cause"); Cir. R. 31-2.2 note ("Multiple motions for extension of time to file a brief are disfavored, however, and the Court may decline to grant relief if a successive motion fails to demonstrate diligence and substantial need.").

The following compares the government's justifications for its second extension motion with those proffered in the instant motion:

| **Second Motion**<br>Dkt. 39 | **Third Motion**<br>Dkt. 42 |
| --- | --- |
| [1] "to review the extensive length of the trial and appeal records and to respond to the appellant's opening brief" | [1] "extensive length of the trial and appeal records" |
| [2] "the simultaneous briefing of co-defendant Elizabeth Holmes's appeal" | [2] "competing schedules, including completing the government's brief in co-defendant Elizabeth Holmes's appeal" |
| [3] "counsel's scheduled leave" | |
| [4] "supervisory review" | [3] "supervisory review" |

3

Nothing has changed since the government filed its second extension motion and committed to filing its brief on August 21.  The government knew in June how large the record is.  It knew that there is a co-pending briefing schedule in *Holmes*.  And it knew how long the government's supervisory review will take.  Now, the record is the same length as before, *Holmes* remains underway, and the government requires the same review as always.

The declaration in support of the government's motion does not provide sufficient grounds for a further extension.  It does not explain how it came to pass that the government failed to meet its obligations in the time secured by the first two motions.  It provides no additional justifications, no new facts, and no changed circumstances.  And as the government's declaration notes, the vast majority of the issues on appeal have repeatedly been briefed at prior stages before the trial court and this Court by the same counsel handling this appeal.  *See* Dkt. 42, at 4.  The government should be held to its June commitment that it "will file the brief within the time requested," i.e., by August 21.  Dkt. 39, at 3.

We are sympathetic to counsel's schedule and workload.  With months of delay already on the books, however, the press of other matters is not a persuasive reason to grant a further extension, particularly when the party requesting the extension has the resources of the United States Department of Justice.  *Wolcher v. United States*, 213 F.2d 539, 540 (9th Cir. 1954) (Denman, C.J.) ("[T]he United

4

States has made no showing that it has not a sufficient number of attorneys in the Northern District of California to care for its litigation there, nor if it has not, that it has not sufficient funds to employ them, and if it has not such funds, there is no showing of its seeking them from the Congress and the latter's refusal to supply such funds. The motion for an extension of time is denied."); *see also United States v. Morin*, 221 F.2d 800, 800 (9th Cir. 1955) (Denman, C.J.) (predicting "that the members of the bar would indulge in coarse laughter" at the suggestion that government attorneys "had been too busy in other matters for their client to care for a case in the Court of Appeals").

The government notes that it intends to file the brief in answer to Ms. Holmes on time, without a third extension. Dkt. 42, at 5. The fact that the government decided to prioritize Ms. Holmes' briefing deadline is irrelevant to Mr. Balwani and not a sufficient basis for a third delay in his briefing schedule. Nor is it relevant that the same government counsel is handling the briefing as to both co-defendants: The government spared no expense in obtaining the convictions in this case, with robust legal staffing and support (including its counsel of record on appeal), and it has the resources to defend those convictions on appeal in a timely manner that respects the rights of incarcerated defendants.

**B.** The deadline in question—for the answering brief—is especially consequential given the Court's recent announcement of its practice to "schedule

argument in cases once the answering brief is filed." *Supra* n.1. Denying the government's extension also best effectuates the Court's commitment that "[c]riminal appeals shall have first priority in hearing or submission date." Cir. R. 34-3; *see also United States v. Bonanno*, 460 F.2d 272, 273 (9th Cir. 1972) (Chambers, C.J.) ("We have tried one way and another to get criminal cases in and heard promptly."). The further delay sought by the government risks a concomitant delay in resolution of this appeal.

Such delay is especially improper in a case where the defendant is incarcerated and where the government opposed release pending appeal. Every month of delayed briefing is a month of delayed justice—and the wrongful deprivation of liberty should the defendant prevail on appeal. The government should not be permitted to transform a one-month briefing period into nearly five.

## CONCLUSION

Mr. Balwani respectfully requests that the Court deny the government's third extension motion.

6

August 15, 2023

Jeffrey B. Coopersmith
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA  98101

Amy Walsh
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

Stephen A. Cazares
Amari L. Hammonds
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071

Respectfully submitted,

*/s/ Mark S. Davies*
Mark S. Davies
James Anglin Flynn
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Sachi Schuricht
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

Aaron Brecher
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101

*Counsel for Appellant*