No. 22-10338

IN THE

# United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RAMESH "SUNNY" BALWANI,

*Defendant-Appellant*.

On Appeal from United States District Court
for the Northern District of California
No. 5:18-cr-00258-EJD-2, Hon. Edward J. Davila

## APPELLANT'S OPPOSED MOTION TO ENLARGE HIS REPLY BRIEF; DECLARATION OF MARK S. DAVIES

Jeffrey B. Coopersmith
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98101


Amy Walsh
Stephen A. Cazares
Aaron P. Brecher
Sachi Schuricht
Amari L. Hammonds
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

Mark S. Davies
James Anglin Flynn
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400

*Counsel for Appellant*

Pursuant to Ninth Circuit Rule 32-2, Appellant Ramesh "Sunny" Balwani moves to file a reply brief containing 9,769 words in total, exceeding the type-volume limit in Ninth Circuit Rule 32-1(b) by 2,769 words. As explained below and in the attached declaration, the enlargement is warranted because of the extraordinary length of the criminal trial record and the government's fact-intensive answering brief.

1. Mr. Balwani and his co-defendant Elizabeth Holmes received severed trials that each lasted four months. This case involves alleged misrepresentations concerning highly sophisticated, patented blood-testing technology, as well as the multibillion-dollar business that surrounded that technology. The transcripts for the trials run over 7,000 and 9,000 pages respectively, and there were 26 and 32 witnesses respectively. The docket in the district court exceeds 1,770 filings. The excerpts of record accompanying Mr. Balwani's opening brief spanned 26 volumes, and the supplemental excerpts of record accompanying the government's answering brief spanned another 9 volumes.

2. In the Holmes appeal, Case No. 22-10312, the Court granted Ms. Holmes' motion to enlarge her opening brief by 2,972 words (Holmes Docket Entry 47). The Court then granted the government's request to file an answering brief enlarged by 3,940 words (Holmes Docket Entry 67). As the

1

government explained in the Holmes appeal, its answering brief in that case needed enlargement to "develop harmlessness arguments, which require canvassing wider aspects of the trial record than the individual claim of error might." Holmes Docket Entry 64 at 1-2. Ms. Holmes has filed a request to file a reply enlarged by 1,964 words (Holmes Docket Entry 74). If that unopposed request is granted, the Holmes briefing will have included an extra 8,876 words.

3. Mr. Balwani worked diligently—and successfully—to ensure that his opening brief did not exceed the Court's word limits.

4. The government's answering brief largely focuses on "harmlessness arguments." The government's brief starts with a slanted account of the events leading up to this trial, as well as the trial itself. *See* Docket Entry 45 (Gov. Br.) at 1-21. And then the government's answering brief advances meritless legal arguments based on a wide swath of the vast trial record. *See id.* at 22, 23, 32-35, 38-45, 48-49, 50-53, 58-61. The government did not seek extra words for its answering brief.

5. Responding to the government's largely factual arguments on a record of this size warrants more words than the Court's rules typically allow. As the government noted when seeking its enlargement in Ms. Holmes' case, Mr. Balwani's responsive arguments "require canvassing wider aspects of the

trial record than the individual claim of error might." Holmes Docket Entry 64 at 1-2. Mr. Balwani worked diligently to file a succinct reply brief. But the extensive record combined with the government's record-intensive arguments causes Mr. Balwani to request an enlargement of 2,769 words for a reply brief of 9,769 words. *See also* Ninth Circuit Rule 32-2(a) (identifying a "a multi-defendant criminal case involving a lengthy trial" as an example of the type of case that requires additional words).

6. On December 7, 2023, undersigned counsel asked the government its position on a requested enlargement of 10,000 words. The government stated it opposes the requested enlargement.

December 11, 2023

Respectfully submitted,

*/s/ Mark S. Davies*

Jeffrey B. Coopersmith

Mark S. Davies

CORR CRONIN LLP

James Anglin Flynn

1015 Second Avenue, 10th Floor

ORRICK, HERRINGTON &

Seattle, WA  98101

   SUTCLIFFE LLP

1152 15th Street, NW

Amy Walsh

Washington, DC  20005

Stephen A. Cazares

(202) 339-8400

Aaron P. Brecher

Sachi Schuricht

Amari L. Hammonds

ORRICK, HERRINGTON &

   SUTCLIFFE LLP

405 Howard Street

San Francisco, CA  94105

*Counsel for Appellant*

4

## DECLARATION OF MARK S. DAVIES

I, Mark S. Davies, declare as follows:

1.    I am a partner with Orrick, Herrington & Sutcliffe LLP, and counsel for Appellant Ramesh "Sunny" Balwani.  I am a member of the bar of this Court in good standing and am a member of the bar of the District of Columbia.  If called as a witness, I could and would testify as follows based on my personal knowledge.

2.    This case arises from an extraordinarily complex four-month trial that followed an equally long and complex trial of Mr. Balwani's co-defendant Elizabeth Holmes.  The trial transcripts contain 7,000 and 9,000 pages respectively, and there were 26 and 32 witnesses at each trial respectively.  The district court docket contains more than 1,770 filings.  The excerpts of record accompanying Mr. Balwani's opening brief spanned 26 volumes, and the supplemental excerpts of record accompanying the government's answering brief spanned another 9 volumes.

3.    This case involves alleged misrepresentations concerning highly sophisticated, patented blood-testing technology, as well as the multibillion-dollar business that surrounded those technologies.

4.    Mr. Balwani's opening brief was within the Court's limits, with no need for enlargement.

5

5.     Mr. Balwani has worked diligently to cabin his reply to the Court's limits. But given the complexity of the issues presented by the appeal and by the government's answering brief, including harmlessness analysis that goes beyond the facts underlying the individual issues, the requested enlargement of 2,769 words is necessary to adequately brief the issues for the Court's review.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Washington, District of Columbia, on December 11, 2023.

/s/ *Mark S. Davies*
Mark S. Davies

*Counsel for Appellant*