**No. 22-10338**

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

RAMESH "SUNNY" BALWANI,

    Defendant-Appellant.

_____

**UNITED STATES' OPPOSITION TO APPELLANT'S MOTION TO FILE AN OVERSIZED REPLY BRIEF**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NO. 18-CR-00258-EJD-2

_____

**MARTHA BOERSCH**
Attorney for the United States
Acting Under Authority Conferred By
28 U.S.C. § 515

**MATTHEW M. YELOVICH**
Deputy Chief, Criminal Division

**KELLY I. VOLKAR**
Assistant United States Attorney
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7185
**Attorneys for Plaintiff-Appellee**
**UNITED STATES OF AMERICA**

December 15, 2023

The United States opposes Defendant-Appellant Ramesh "Sunny" Balwani's request to file a reply brief that is almost 40% over the already-generous limits provided by this Court. Dkt. 54 (requesting an additional 2,769 words beyond the 7,000-word limit provided by Ninth Circuit Rule 32-1(b)).

"The Court disfavors motions to exceed the applicable page or type-volume limits" and such motions "will not be granted absent extraordinary and compelling circumstances." 9th Cir. R. 32-2(a) & adv. comm. note. Indeed, this Court "already provides more generous word limits than provided by [Federal Rules of Appellate Procedure] and most other Circuits." *Id.* "In almost all cases, the limits provided suffice even for multiple or complex issues" and overlength briefs "unnecessarily burden the Court." *Id.*[1] The Court's advisory committee notes explicitly state that even "multiple or complex issues" can be adequately addressed within the word limit. 9th Cir. R. 32-2(a) & adv. comm. note.

---

[1] *See, e.g.*, *United States v. Hougen*, No. 21-10369, Dkt. 54 (Jan. 31, 2023) ("One judge dissented from the vote to grant the motion [to exceed type-volume limitation], reasoning as follows: Our rules impose a word limit for good reason, to ensure fairness between litigants and efficiency of our court. Consistent enforcement of our rules benefits our system and the litigants who use it. Here, appellant has provided no legitimate basis for increasing the word limit[.]"); *Cuevas v. Hartley*, 835 F.3d 892, 893 (9th Cir. 2016) (Kozinski, J., dissenting) (lamenting trend of attorneys filing oversized briefs on due date as "dar[ing] [the Court] to bounce them[,]" which presents the unwelcome choice of "knock[ing] the briefing and argument schedule out of kilter" or else "allowing the brief to be filed and putting up with the additional unnecessary pages").

Here, Balwani has failed to present extraordinary and compelling circumstances warranting an excessively large reply brief. As an initial matter, Balwani's principal opening brief on the merits was within the Court's word limit, demonstrating that it is possible to do so even with the length of the record at issue. *See* Dkt. 21. The government similarly filed a principal answering brief that was within the Court's word limit. *See* Dkt. 45.

Furthermore, Balwani's request stretches beyond any request made even in the related appeal he relies upon. Balwani's motion relies mainly on requests for oversized briefs in the related appeal regarding his co-defendant, Elizabeth Holmes. Dkt. 54. However, Holmes requested—over government objection—and received an enlargement of 3,024 words from the Court for her opening brief on the merits, beyond the 14,000-word limit set by this Court's local rules. *United States v. Holmes*, No. 22-10312, Dkts. 27, 35. In turn, the government requested an enlargement of 3,940 words for its answering brief to respond. *United States v. Holmes*, No. 22-10312, Dkt. 64. Holmes subsequently requested an additional enlargement of her reply brief by 1,964 words, over the Court's 7,000-word limit. *United States v. Holmes*, No. 22-10312, Dkt. 74. Each of those requests— percentage-wise—represent less than a one-third increase over the governing size limit. In stark contrast, Balwani's request represents an almost 40% increase over this Court's limits, even though both principal briefs did not require an oversized

brief, and numerically seeks the equivalent of Holmes's initial request for an enlarged principal brief. This Court should reject such an outsized request.

It is true that Balwani's trial spanned four months, during which over 500 exhibits were admitted and 26 witnesses testified. *See* Dkt. 54. But Balwani challenges only a small fraction of the district court's evidentiary rulings in his appeal, most of which will be reviewed for plain error. *See* Dkt. 45. In denying Balwani's motion for bail pending appeal, this Court held the issues that Balwani raised did not present "a 'substantial question' of law or fact that is 'fairly debatable,'" nor that favorable resolution would result in "reversal, an order for a new trial on all counts resulting in imprisonment," or a meaningful change to his sentence. Dkt. 14. If these claims are so complex as to qualify as "extraordinary or compelling," it is challenging to see how that term would not include, going forward, a significant share of appeals from criminal trials. On the contrary, these are the types of issues this Court routinely receives from single-defendant criminal trials and that, under the rules of this Court, routinely fit within the 7,000-word limit for reply briefs.

The lack of good reason for exceeding the normal word limit is illustrated by the contents of Balwani's reply brief as submitted. He has chosen to use the extra space to raise new arguments for the first time in reply and to impermissibly attempt to incorporate additional arguments from the separate appeal by his

3

co-defendant. *See* Dkt. 52. Balwani spends almost a page of his reply brief addressing legal arguments that he has waived. *See* Dkt. 52 at 25. While he referenced in footnotes of his opening brief certain claims that he had unsuccessfully advanced in the district court, he did not present any argument to this Court, and so the government asserted those arguments were waived in its answering brief. *See* Dkt. 45 at 40 n.9, 48 n.11. Nevertheless, Balwani has now asserted those very arguments in his reply as fallback arguments this Court should consider. *See* Dkt. 52 at 25. But arguments raised for the first time in a reply brief are routinely deemed waived by this Court. *See, e.g., Barnes v. Fed. Aviation Admin.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017) ("Petitioners did not raise this argument in their opening brief, and it is therefore waived."). And to the extent Balwani attempts to rely on his co-defendant's briefing—in her separate appeal from her separate trial given that the district court granted Balwani's severance motion—this Court disfavors that practice. *See, e.g., United States v. Carpenter*, 95 F.3d 773, 774 n.1 (9th Cir. 1996).

Balwani simply does not present extraordinary or compelling reasons to extend the Court's generous word limit even further—particularly for the first time in his optional reply brief. Therefore, the United States respectfully requests that the Court deny his motion to file an oversized reply brief.

4

## CONCLUSION

For the reasons set forth above, this Court should deny Balwani's motion to file an oversized reply brief.

Dated: December 15, 2023

Respectfully submitted,

MARTHA BOERSCH
Attorney for the United States
Acting Under Authority Conferred By
28 U.S.C. § 515

MATTHEW M. YELOVICH
Deputy Chief, Criminal Division

*/s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

5