No. 22-10338

IN THE

# United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RAMESH "SUNNY" BALWANI,

*Defendant-Appellant*.

On Appeal from United States District Court
for the Northern District of California
No. 5:18-cr-00258-EJD-2, Hon. Edward J. Davila

## MOTION FOR RECONSIDERATION OF APPELLANT'S MOTION TO ENLARGE HIS REPLY BRIEF

Jeffrey B. Coopersmith
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA  98101

Amy Walsh
Stephen A. Cazares
Aaron P. Brecher
Sachi Schuricht
Amari L. Hammonds
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

Mark S. Davies
James Anglin Flynn
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

*Counsel for Appellant*

## MOTION FOR RECONSIDERATION OF ENLARGEMENT MOTION

Mr. Balwani respectfully asks the Court to reconsider its denial of his enlargement motion. *See* 9th Cir. R. 27-10(b). Mr. Balwani was planning today to file a reply to the government's opposition to the enlargement motion. The Court's ruling on the motion, less than one business day from the filing of the opposition, renders that reply technically moot. Mr. Balwani hereby asks the Court to reconsider and herein provides the further explanation he intended to offer in reply to the government.

As the government noted, Mr. Balwani challenges only a "small fraction" of the district court's rulings. Opp'n 3. Mr. Balwani's careful selection of appellate issues demonstrates his concern for the Court's time, a concern that led Mr. Balwani to file an opening brief within the typical word count. As Mr. Balwani's motion explained (¶ 5), he also worked diligently to file a succinct reply. But the government's record-intensive arguments—and several new issues raised by the government's brief—warrant an enlarged brief to provide a fair but efficient discussion of the issues.

The government suggested denying Mr. Balwani's request because his opening brief was within word limits. Opp'n 2. But Mr. Balwani did what the rules are meant to promote: He heeded the prescribed length for his opening brief and waited to ask for enlargement when it became truly

1

necessary for the reply.  Denying Mr. Balwani's motion may well encourage wasteful expansions of opening briefs—just to protect for the possibility of an over-length reply.

Indeed, a comparison of Mr. Balwani's request to the briefing in his co-defendant's case illustrates the point.  In the Holmes appeal, Case No. 22-10312, the Court granted Ms. Holmes' motion to enlarge her opening brief by 3,024 words.  Holmes Dkt. 47.  The Court then granted the government's request to file an answering brief enlarged by 3,940 words.  Holmes Dkt. 67. As the government explained in the Holmes appeal, its answering brief in that case needed enlargement to "develop harmlessness arguments, which require canvassing wider aspects of the trial record than the individual claim of error might."  Holmes Dkt. 64, at 1-2. Ms. Holmes then moved to file a reply enlarged by 1,964 words.  Holmes Dkt. 74.  Now that that unopposed request is granted, the Holmes briefing will have included an **extra 8,928 words**. Unless the enlargement is granted, Mr. Balwani's appeal will include **no** extra words.

Mr. Balwani also respectfully notes that the Court granted the motion as to Ms. Holmes' reply brief (for 1,964 words) within fifteen minutes of denying Mr. Balwani's (for 2,769 words).  As to Ms. Holmes, the Court reasoned that an enlargement was necessary "where the record is

2

extraordinarily lengthy after a 46-day trial and counsel has shown diligence in streamlining the brief." Holmes Dkt. 79. Mr. Balwani's trial was just as long, his record just as expansive, and his counsel has arguably shown greater diligence as to word count by requesting roughly 2,000 fewer words overall. Mot. ¶¶ 1-6. These unjustly disparate outcomes cannot be squared.

For its part, the government does not even address the most relevant portion of the governing rule: Its opposition claims to quote Ninth Circuit Rule 32-2(a) as stating that enlargement motions "will not be granted absent extraordinary and compelling circumstances." Opp'n 1. In its quotation, however, the government has omitted key language in the relevant sentence that makes clear that Mr. Balwani's case, "a multi-defendant criminal case involving a lengthy trial," is an "extraordinary and compelling" circumstance for which enlargement is appropriate. (This language from the text of the rule—specifically identifying complex criminal appeals—is substantially more on-point than the Advisory Committee note cited in the denial order.) And, as noted above, it was precisely this lengthy-trial rationale the Court cited in granting Ms. Holmes' enlargement motion.

As the government notes, "Balwani's trial spanned four months, during which over 500 exhibits were admitted and 26 witnesses testified." Opp'n 3. The enlargement motion cited many pages in the reply where Mr. Balwani

3

discusses the extensive trial record. Mot. 2 ("See *id.* at 22, 23, 32-35, 38-45, 48-49, 50-53, 58-16."). The government provides no real example of Mr. Balwani's "us[ing] the extra space to raise new arguments for the first time in reply." Opp'n 3. Indeed, in the only purported example the government does provide, Mr. Balwani is actually responding to an argument raised by the government—not himself. *See* Opp'n 4 (citing Balwani Dkt. 52, at 25).

A 2,679-word enlargement is necessary to fully respond to the government's answering brief—including its harmlessness arguments, which address factual contentions beyond those directly underlying Mr. Balwani's claims of error.

At a minimum, Mr. Balwani respectfully asks the Court to consider exercising its discretion to grant a smaller enlargement (for example, 1,000 words). As the Court recognized in granting Ms. Holmes' motion for an additional 1,964 words, this is no ordinary criminal appeal, and at least some smaller enlargement is both warranted and necessary.

December 18, 2023                    Respectfully submitted,

                                     /s/ Mark S. Davies

Jeffrey B. Coopersmith              Mark S. Davies
CORR CRONIN LLP                     James Anglin Flynn
1015 Second Avenue, 10th Floor      ORRICK, HERRINGTON &
Seattle, WA  98101                     SUTCLIFFE LLP
                                    1152 15th Street, NW
Amy Walsh                           Washington, DC  20005
Stephen A. Cazares                  (202) 339-8400
Aaron P. Brecher
Sachi Schuricht
Amari L. Hammonds
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105


*Counsel for Appellant*

5