

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*                              *(415) 436-7200*
*450 Golden Gate Ave., Box 36055*                    *Fax: (415) 436-7234*
*San Francisco, CA 94102-3495*

May 15, 2024

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *United States v. Ramesh Balwani*, No. 22-10338

To the Clerk of Court:

Pursuant to Fed. R. App. P. 28(j), the government writes to bring to the Court's attention *United States v. Lucas*, No. 22-50064, --- F.4th ---, 2024 WL 1919741 (9th Cir. May 2, 2024) (*en banc*) (attached). *Lucas* supports the government's argument that the district court did not err in using the preponderance of the evidence standard to calculate the loss amount for purposes of calculating Defendant-Appellant Ramesh "Sunny" Balwani's Guidelines range. *See* Government's Answering Brief (GAB) 63–65; *cf. id.* 64 n.17 (citing *Lucas*).

In *Lucas*, the Court adopted "the standard in nearly every other circuit" and held that "fact-finding by a preponderance of the evidence is sufficient to satisfy due process at sentencing" even "when potentially large enhancements are at stake[.]" 2024 WL 1919741, at *3–5.

This holding forecloses Balwani's claim that the district court erred in applying the preponderance standard at sentencing. *See* Balwani's Opening Brief (AOB) 66–68. Nevertheless, in his recent letter to the Court, Balwani once again seeks to "join" co-defendant Elizabeth Holmes's arguments made in her separate appeal from her separate trial and separate sentencing hearing. Dkt. 71. But Balwani waived any arguments not raised in his opening brief and cannot "join" arguments of a co-defendant in a non-consolidated portion of the appeal.

GAB 63 n.16 (arguing waiver and citing *United States v. Carpenter*, 95 F.3d 773, 774 n.1 (9th Cir. 1996)).  Even if joined, the Court's decision in *Lucas* forecloses Holmes's challenge to her sentence just as it forecloses Balwani's challenge to his. *See United States v. Holmes*, No. 22-10312, Dkt. 97 (filed May 15, 2024).

This Court should affirm the district court's sentence.

Respectfully,

MARTHA BOERSCH
Attorney for the United States,
Acting Under Authority Conferred By
28 U.S.C. § 515

MATTHEW M. YELOVICH
Deputy Chief, Criminal Division

*/s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

cc:     All Counsel of Record (by ECF)

2