

*United States Attorney*
*Northern District of California*

*11ᵗʰ Floor, Federal Building*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*

*(415) 436-7200*
*Fax: (415) 436-7234*

August 23, 2024

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *United States v. Ramesh Balwani*, No. 22-10338

To the Clerk of Court:

Pursuant to Fed. R. App. P. 28(j), the government writes to bring to the Court's attention *United States v. Betro*, No. 22-1106, --- F.4th ---, 2024 WL 3811838 (6th Cir. Aug. 14, 2024) (attached). *Betro* supports the government's argument that the district court did not abuse its discretion by permitting Erika Cheung, Dr. Mark Pandori, and Dr. Adam Rosendorff to testify as percipient witnesses providing, at most, lay opinions about their observations while employed at Theranos. Government's Answering Brief (GAB) 35–49.

In *Betro*, four defendants were convicted of Medicare fraud related to unnecessary injections and bribing patients with opioids. 2024 WL 3811838, at *1. On appeal, the Sixth Circuit rejected a claim that three government witnesses—treating physicians who all testified as lay or percipient witnesses—should have been qualified under Federal Rule of Evidence 702. *Id.* at *8–10.

The court held the district court did not abuse its discretion in permitting one physician to compare prescriptions at the target clinic with his prior practice, "because the[ comparison] could be made using everyday reasoning without requiring specialized training or knowledge." *Id.* at *10. Similarly, Pandori's testimony compared what he observed of Theranos's device and his prior experience with third-party devices. GAB 43.

The court also approved of one physician's testimony about his understanding of a medical practice involving injections that he learned during his employment at the target clinic. *Betro*, 2024 WL 3811838, at *10. Similarly, Cheung's challenged testimony was firmly grounded in her training and experience at Theranos. GAB 41–42.

As in *Betro*, even if testimony by these three witnesses sometimes "approached the line between lay and expert testimony, . . . in those moments, the district court quickly sustained objections from the defense, and the prosecution either rephrased its questions or posed new ones." 2024 WL 3811838, at *10.

Finally, a concurring judge in *Betro* concluded that some of the testimony "crossed the line into expert testimony," but still affirmed on harmlessness grounds—echoing the government's arguments here. *Id.* at *14–17; GAB 37–41, 49–53.

This Court should affirm.

Respectfully,

MARTHA BOERSCH
Attorney for the United States,
Acting Under Authority Conferred By
28 U.S.C. § 515

MATTHEW M. YELOVICH
Deputy Chief, Criminal Division

*/s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

cc:     All Counsel of Record (by ECF)

2