# CORR CRONIN | LLP

**JEFFREY B. COOPERSMITH**
*Attorney at Law*

(206) 501-3530
jcoopersmith@corrcronin.com

August 28, 2024

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:     *United States v. Ramesh Balwani*, No. 22-10338

Dear Clerk of Court:

Citing the non-binding *United States v. Betro*, the government borrows a unique, controversial, and irrelevant rule about treating physicians.  Even if that rule had some application to the facts here, the challenged testimony would still be inadmissible under its rationale.  The government cannot defend the district court's errors under Rules 701 and 702.

As *Betro* acknowledged, treating-physician testimony straddles the lay-expert boundary. *Betro*, 2024 WL 3811838, at *8–10; *14–17 (White, J., concurring).  Courts have sometimes adopted special considerations for that narrow context—a widely criticized approach contrary to the Rules' text. *E.g.*, 29 *Federal Practice & Procedure* § 6253 & n.33.  Moreover, as Judge White explained in depth (at *16), the *Betro* majority erred by confusing two completely separate inquiries: whether Rule 26(a)(2) requires an expert report for treating physicians—who may not be "retained" or "specially employed" under that rule—versus whether the testimony is expert at all.

Those special considerations, even if valid, cannot apply here:  Neither Cheung, Rosendorff, nor Pandori was anybody's treating physician.  They were laboratory staff testifying about technology's accuracy and reliability.  To stretch the supposed treating-physician exception to embrace these witnesses—including an entry-level technician—would swallow Rule 701(c).

Even if such considerations applied beyond treating physicians, the challenged testimony would still be inadmissible.  As Judge King explained, analogizing to treating physicians,

1015 SECOND AVENUE, FLOOR 10   SEATTLE, WASHINGTON 98104-1001
TEL 206.625.8600   FAX 206.625.0900   CORRCRONIN.COM

August 28, 2024
Page 2

employees testifying about "performance and reliability" of complex devices "necessarily rely on… scientific, technical, and specialized engineering knowledge" and "fall within… Rule 702." *Gyrodata v. Atl. Inertial Sys.*, 2011 WL 13116732, at *3 (C.D. Cal. 2011). It matters not whether the testimony was "intertwined" with on-the-job observations; this Court rejected exactly that argument. *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011).

Finally, *Betro* applied abuse-of-discretion and (for some testimony) plain-error review (at *8, 10 n.5), whereas this Court reviews de novo whether testimony falls within the scope of Rules 701 and 702, *United States v. Garrido*, 596 F.3d 613, 616 (9th Cir. 2010). And the government—whose closing emphasized Rosendorff's testimony over 100 times—has not carried its burden to rebut the presumption of prejudice. OB49–52; Reply 20–24.

The Court should vacate the judgment and sentence.

Respectfully submitted,

CORR CRONIN LLP

Jeffrey B. Coopersmith

cc:      All Counsel of Record (via ECF)