# CORR CRONIN | LLP

**JEFFREY B. COOPERSMITH**
*Attorney at Law*

(206) 501-3530
jcoopersmith@corrcronin.com

October 11, 2024

Via ECF

Hon. Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re:     *United States v. Balwani*, No. 22-10338

Dear Ms. Dwyer:

Mr. Balwani respectfully submits this letter under Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6. On October 9, 2024, the Supreme Court of the United States heard oral argument in *Glossip v. Oklahoma*, No. 22-7466 (U.S. Oct. 9, 2024), where the questions presented include whether the state prosecutor's "failure to correct [a] witness's false testimony" violated due process under *Napue v. Illinois*, 360 U.S. 264 (1959) and thus necessitate a new trial. Br. for Pet'r at i, *Glossip*, No. 22-7466 (U.S. Apr. 23, 2024).

*Glossip* presents several issues relevant to Mr. Balwani's appeal, including whether the lower court erred by (1) failing to recognize, as this Court and a majority of its sister circuits have, that a witness' knowledge (or lack thereof) of his testimony's falsity is irrelevant to whether the prosecution has violated *Napue*, Br. for Resp. 29, *Glossip*, No. 22-7466 (U.S. Apr. 23, 2024) (citing *Hayes v. Brown*, 399 F.3d 972, 981 (9th Cir. 2005) (en banc) and other decisions); and (2) excusing the *Napue* violation because "'[d]efense counsel was aware or should have been aware'" of the falsity "and ostensibly could have corrected Sneed's testimony themselves," Br. for Pet'r 29, *Glossip*. *Compare* AB55-57, 59-60; Reply 26-27, 37-38; *see also* Oral Arg. Tr. 76, *Gossip v. Oklahoma*, No. 22-7466 (Oct. 9, 2024) (Justice Elena Kagan: "False is false."); *id.* at 13 (Justice Sonia Sotomayor: "[T]he essence of the *Napue* violation is: Was there a falsehood? Did the prosecutor know it was a falsehood? Not whether the defendant knew it was a falsehood …."); *id.*

October 11, 2024
Page 2

at 74-75 (Kagan: any defense counsel "strategy" is a "separate question" from whether the falsity was material).[1]

Given that the Supreme Court likely will address these important *Napue* issues when it issues a decision in *Glossip*, Mr. Balwani respectfully suggests that this Court take into account the forthcoming decision in *Glossip* when resolving the *Napue* issues presented by his appeal.

Very truly yours,

CORR CRONIN LLP

Jeffrey B. Coopersmith

cc: All Counsel of Record (via ECF)

---

[1] The *Glossip* argument transcript is available at
https://www.supremecourt.gov/oral_arguments/argument_transcripts/2024/22-7466_m6hn.pdf.