# CORR CRONIN | LLP

**JEFFREY B. COOPERSMITH**
*Attorney at Law*

(206) 501-3530
jcoopersmith@corrcronin.com

October 19, 2024

<u>Via ECF</u>

Hon. Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

  Re: *United States v. Balwani*, No. 22-10338

Dear Ms. Dwyer:

  Mr. Balwani respectfully submits this letter under FRAP 28(j) and Rule 28-6. After argument, this Court issued *Clements v. Madden*, 112 F.4th 792 (9th Cir. 2024), comprehensively addressing claims under *Napue v. Illinois*, 360 U.S. 264 (1959) and Ninth Circuit progeny. *Clements* supports vacatur here. OB53–66; Reply 24–38.

  In *Clements*, as in this case, the prosecution "knew or should have known" a witness falsely testified and failed to correct the testimony. 112 F.4th at 802. The Court emphasized its "clear" "precedent" that the government has a "'constitutional duty to correct [a] *false impression* of the facts,'" a duty "'not discharged merely because defense counsel knows, and the jury may figure out, that the testimony is false.'" *Id.* (emphasis added); *see* OB 57 n.17; Reply 37–38.

  *Clements* rejected arguments the government makes here: that testimony was immaterial because the witness "was impeached in other respects" and "there was other evidence of [the defendant's] guilt." 112 F.4th at 804; *see* AB59–61. "[M]ateriality 'is not a sufficiency of the evidence test,'" and is "'considerably less demanding' than other materiality standards on constitutional claims," "'not just because [*Napue* cases] involve prosecutorial misconduct, but more importantly because they involve a corruption of the truth-seeking function.'" *Id.* at 802–04. "*Napue* does not require … that the conviction was 'just cause,' or even primarily because, of the false testimony." *Id.* at 804.

  *Clements* held the *Napue* violation material because, as here, the prosecution cited the testimony in closing, capitalizing on it to "bolster" other testimony. 112 F.4th at 804; *see* OB62;

October 19, 2024
Page 2

Reply 32–33. The "lenient materiality standard" applies equally to false testimony going to substantive points and witness "credibility." *Clements*, 112 F.4th at 802–03. And the testimony "*actually did* affect the judgment of the jury" when—as in the prior Holmes trial—the jury "requested readbacks of [the witness'] testimony." *Id.* at 805; *see* OB65 n.20. Had the government corrected the false testimony here, there is at least a "reasonable likelihood that it *could* have affected the jury." *Clements*, 112 F.4th at 804; *see* Reply 31–32.

Respectfully submitted,

CORR CRONIN LLP

Jeffrey B. Coopersmith

cc: All Counsel of Record (via ECF)