

*United States Attorney*
*Northern District of California*

*11ᵗʰ Floor, Federal Building*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*

*(415) 436-7200*
*Fax: (415) 436-7234*

October 25, 2024

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

  Re: *United States v. Ramesh Balwani*, No. 22-10338

To the Clerk of Court:

  Pursuant to Fed. R. App. P. 28(j), the government responds to Defendant-Appellant Ramesh "Sunny" Balwani's October 11 and 19, 2024, letters.  Dkts. 82, 85.

  *Clements v. Madden*, 112 F.4th 792 (9th Cir. 2024), does not support Balwani's argument that the government violated *Napue v. Illinois*, 360 U.S. 264 (1959), by eliciting false testimony.  Dkt. 85.  In *Clements*, this Court reviewed *de novo* whether a jailhouse informant's concededly false testimony about receiving parole consideration benefits from the prosecution could have affected the judgment of the jury.  112 F.4th at 794–806.  The Court found that the informant's false testimony was material to one count of conviction, based partly on relevance arguments the government had made connecting that count with a hung count.  *Id.*

  By contrast, here, under plain error review, two investor-victim representatives testified truthfully to their recollections of co-defendant Elizabeth Holmes's statements on a 2013 conference call.  Government's Answering Brief (GAB)-54–58.  There is no evidence that the government was aware of Balwani's post-hoc interpretation of which phrase the word "potential" modified.  To the extent such hindsight interpretation is reasonable, it shows Holmes's intent to deceive, as investors did not share that understanding.  *Id.*

Finally, Balwani cannot show the testimony could have affected the jury's judgment on all counts, *Clements*, 112 F.4th at 802, as Balwani does not claim it extends to the patient-related counts, and the jury in Holmes's trial heard the recording and still convicted on four investor-related counts. GAB-58–62. Moreover, the allegedly false testimony is not material because: (i) defense counsel used the absence of the recording to criticize the government for hiding evidence in closing argument; (ii) investors heard multiple independent false statements from Balwani and Holmes; (iii) Holmes made other recorded statements supporting the witnesses' recollection; and (iv) witnesses who were not present on the call heard similar false statements from Holmes. *Id.*

For similar reasons, Balwani's citations to statements made during a Supreme Court oral argument in *Glossip v. Oklahoma*, No. 22-7466 (U.S. Oct. 9, 2024) (Dkt. 82), should not impact nor delay this Court's decision in this case.

This Court should affirm.

Respectfully,

MARTHA BOERSCH
Attorney for the United States,
Acting Under Authority Conferred By
28 U.S.C. § 515

MERRY JEAN CHAN
Chief, Appellate Section, Criminal Division

*/s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

cc:     All Counsel of Record (by ECF)

2