**CORR CRONIN | LLP**

**JEFFREY B. COOPERSMITH**
*Attorney at Law*

(206) 501-3530
jcoopersmith@corrcronin.com

December 4, 2024

**Via ECF**

Hon. Molly C. Dwyer Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

> Re: *United States v. Balwani*, No. 22-10338

Dear Ms. Dwyer:

Mr. Balwani respectfully submits this letter under FRAP 28(j) and Rule 28-6 regarding *United States v. Jiminez-Chaidez*, 96 F.4th 1257 (9th Cir. 2024), a decision about the scope of Fed. R. Evid. 701 and 702.

In *Jimenez-Chaidez*, the government introduced lay testimony from a law enforcement agent concerning his extraction and review of cell phone data placing the defendant in a particular location. The agent testified that he used "Cellebrite" software to extract data and create a report. This Court ruled that the agent's testimony was properly admitted as lay testimony under Rule 701 because the agent "did not opine on Cellebrite's technical methodology or reliability." 96 F.4th at 1268. The agent simply reported the results that the software generated. *Id.*

However, and directly pertinent to Mr. Balwani's appeal, the *Jimenez-Chaidez* court made clear that "our decision today does not foreclose that there may be cases involving Cellebrite or other similar technology that do require expert testimony, ***particularly where the functionality or reliability of the technology is challenged or otherwise at issue.***" *Id.* at 1269 (emphasis added). *See also id.* at 1268 (citing *United States v. Wehrle*, 985 F.3d 549, 554 (7th Cir. 2021) for proposition that a witness must testify as an expert when her testimony concerned "technical concepts," including "reliability and safeguards"). This is precisely what occurred in Mr. Balwani's case. *See* AB 35–40; Reply 13–15. Specifically, the district court allowed the government to present three lay witnesses to testify about the reliability and functionality of complicated blood-testing technology as the centerpiece of its claims that Theranos proprietary technology did not work. The dissent in *Jimenez-Chaidez* would have gone even further by holding that testimony about using

December 4, 2024
Page 2


Cellebrite software to parse location data was improper lay testimony and should have been subject to the protections of Rule 702.

Very truly yours,

CORR CRONIN LLP

Jeffrey B. Coopersmith


cc: All Counsel of Record (via ECF)