Nos. 23-1166, 23-1040, 23-1167, 22-10338

IN THE

# United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RAMESH "SUNNY" BALWANI,

*Defendant-Appellant*.

On Appeal from United States District Court
for the Northern District of California
No. 5:18-cr-00258-EJD-2, Hon. Edward J. Davila

**APPELLANT'S UNOPPOSED MOTION FOR 60-DAY EXTENSION OF
TIME TO FILE PETITION FOR REHEARING AND/OR REHEARING
EN BANC; DECLARATION OF JEFFREY B. COOPERSMITH**

Jeffrey B. Coopersmith
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98101

Amy Walsh
Aaron P. Brecher
Sachi Schuricht
Amari L. Hammonds
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Appellant*

## INTRODUCTION

In accordance with Ninth Circuit Rule 31-2.2(b) and Federal Rule of Appellate Procedure 40(d), Appellant Sunny Balwani moves for a 60-day extension of time in which to file a petition for panel rehearing and/or rehearing en banc, making any such petition due May 9, 2025. Based on the attached declaration and the files and records of this case, Mr. Balwani has shown both diligence and substantial need to justify the requested extension. *See* 9th Cir. R. 31-2.2(b). Counsel for the government has informed the undersigned that the government does not oppose this requested extension of time.

## ARGUMENT

On February 24, 2025, the Court affirmed Mr. Balwani's conviction, sentence, and restitution order. Any petition for rehearing is thus due by March 10, 2025. *See* Fed. R. App. P. 40(d). Both the difficulties of coordinating with Mr. Balwani regarding his appeal and the extraordinarily voluminous and complex record in this case justify extending that time by 60 days.

First, Mr. Balwani has just transferred to FCC Lompoc from a transitional BOP facility (USP Victorville) within the last two days. Although counsel mailed Mr. Balawani this Court's decision, he has not received it and

1

has not been able to read it due to his recent transfer. In addition, during Mr. Balwani's temporary stay at Victorville, counsel had been unable to secure privileged telephonic communications with Mr. Balwani, having to rely instead on unprivileged forms of communication. This has hamstrung counsel's ability to communicate with Mr. Balwani about the panel's opinion and potential grounds for rehearing. Even now that Mr. Balwani has transferred to his next facility, it is unclear when Mr. Balwani will be able to read the opinion or when counsel will be able to meaningfully discuss the Court's opinion or potential avenues and bases for further review.

Second, this is an extraordinarily complex appeal. Mr. Balwani and his co-defendant Elizabeth Holmes received separate trials that each lasted four months. The transcripts for those trials run over 7,000 and 9,000 pages respectively, and there were 26 and 32 witnesses respectively. The docket in the district court presently includes more than 1,780 filings. The excerpts of record accompanying Mr. Balwani's merits appeal alone ran to 26 volumes. Between Mr. Balwani's merits appeal and the separate restitution-related appeal, he raised 5 claims of error—each of them involving several underlying legal and factual questions. The Court's published opinion on those appeals and co-defendant Elizabeth Holmes' related appeal spanned 54 pages,

2

issuing 8 months after argument and reflecting the voluminous record and the important issues of law at stake.

This Court routinely grants similar extensions of time for criminal defendants to seek panel rehearing and/or rehearing en banc.[1]

**CONCLUSION**

Mr. Balwani respectfully requests that the Court continue his deadline to seek rehearing by 60 days from March 10, 2025, until May 9, 2025.

February 27, 2025          Respectfully submitted,

                                       */s/ Jeffrey B. Coopersmith*

Jeffrey B. Coopersmith            Amy Walsh
CORR CRONIN LLP               Aaron P. Brecher
1015 Second Avenue, 10th Floor     Sachi Schuricht
Seattle, WA 98101                Amari L. Hammonds
                                        ORRICK, HERRINGTON &
                                           SUTCLIFFE LLP
                                       405 Howard Street
                                       San Francisco, CA 94105

                                     *Counsel for Appellant*

---

[1] *See, e.g.*, *United States v. Trumbull*, No. 23-912, Dkt. 36 (9th Cir. Aug. 30, 2024) (78 days); *United States. v. Ramirez*, No. 22-50045, Dkt. 45 (9th Cir. Apr. 30, 2024) (90 days); *United States v. Hull*, No. 22-30156, Dkt. 54 (9th Cir. Dec. 5, 2023) (90 days); *United States v. Boam*, No. 21-30272, Dkt. 44 (9th Cir. June 8, 2023) (60 days); *United States v. Orozco-Barron*, No. 21-50298, Dkt. 47 (9th Cir. May 25, 2023) (60 days).

## DECLARATION OF JEFFREY B. COOPERSMITH

I, Jeffrey B. Coopersmith, declare as follows:

1.      I am a partner with Corr Cronin LLP, and counsel for Appellant Ramesh "Sunny" Balwani.  I am a member of the bar of this Court in good standing and am a member of the bar of the State of Washington and of the State of California.  If called as a witness, I could and would testify as follows based on my personal knowledge.

2.      The Court issued an opinion in Mr. Balwani's appeal on February 24, 2025.  Any petition for rehearing and/or rehearing en banc is therefore due on March 10, 2025.

3.      Within the two days before this filing, Mr. Balwani has transferred to a new BOP facility (FCC Lompoc) after weeks in a transitional BOP facility (USP Victorville).  Although counsel mailed Mr. Balwani this Court's decision, he has not received it and has not read it due to his recent transfer. During Mr. Balwani's temporary stay at Victorville, counsel had been unable to secure privileged telephonic communications with Mr. Balwani, having to rely instead on unprivileged forms of communication.  This has hamstrung counsel's ability to communicate with Mr. Balwani about the panel's opinion and potential grounds for rehearing.

4. Even now that Mr. Balwani has transferred to his next facility, it is unclear when Mr. Balwani will be able to read the opinion or when counsel will be able to meaningfully discuss the Court's opinion or potential avenues and bases for further review.

5. This appeal arises from an extraordinarily complex, four-month trial that followed an equally long and complex trial of Mr. Balwani's co-defendant Elizabeth Holmes. The trial transcripts contain 7,000 and 9,000 pages respectively, and there were 26 and 32 witnesses at each trial respectively. The district-court docket contains 1,780 filings. The excerpts of record in Mr. Balwani's merits appeal alone spanned 26 volumes. Between Mr. Balwani's merits appeal and the separate restitution-related appeal, he raised 5 claims of error—each of them involving several underlying legal and factual questions. The Court issued a 54-page published opinion on those appeals and co-defendant Elizabeth Holmes' related appeal.

6. Given the number of issues addressed in the opinion, we will need additional time to review the opinion with Mr. Balwani and to complete a petition. We are thus requesting an additional 60 days to complete any petition.

7. I have and will have several other obligations in other courts in the coming weeks and months. I will be spending substantial time preparing briefs

5

and appearances in other cases, including a forthcoming trial in the U.S. District Court for the Eastern District of Washington from April 21 through April 25, 2025. Mr. Balwani's other counsel also all have substantial briefing and hearing obligations in other cases.

8. I have contacted Assistant United States Attorney Kelly Volkar, counsel for the government, and she informed me that, assuming that Mr. Balwani does not intend to seek further extensions, the government would not oppose this request.

9. We have not previously requested an extension of time to file the petition for rehearing or rehearing en banc. The transcripts that were designated for this appeal are complete and there are no reporter's defaults. We have exercised diligence in preparing this appeal and anticipate that the petition will be filed within the time requested.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Seattle, Washington, on February 27, 2025.

/s/ *Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith

*Counsel for Appellant*