No. 22-10338

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

      v.

RAMESH "SUNNY" BALWANI,

   Defendant-Appellant.

_____

**UNITED STATES' OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NO. 18-CR-00258-EJD-2
_____

**CRAIG H. MISSAKIAN**
United States Attorney

**MERRY JEAN CHAN**
Chief, Appellate Section, Criminal Division

**KELLY I. VOLKAR**
Assistant United States Attorney

450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7185
**Attorneys for Plaintiff-Appellee**
**UNITED STATES OF AMERICA**

August 5, 2025

The United States opposes Defendant-Appellant Ramesh "Sunny" Balwani's request to file an unsolicited reply brief in support of his petition for panel rehearing or rehearing en banc. Dkts. 100–101.

"Cases are rarely reheard en banc." 9th Cir. R. 35-1 to 35-3 adv. comm. n.2. Consequently, this Court has set out clear guidance for when petitions for rehearing are appropriate, namely, if "the opinion of a panel directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity[.]" 9th Cir. R. 35-1. The opposing party may respond only if invited to do so by the Court. Fed. R. App. P. 35(e); *see* 9th Cir. R. 35-2. As Balwani acknowledges, Dkt. 100 at 1, there is no rule permitting a reply brief. *See* 9th Cir. R. 35-1 to 35-3 & adv. comm. note. If the Court would benefit from further briefing by Balwani, it will request it; there is no reason at this time to permit Balwani to file an unsolicited reply brief.

Here, Balwani has not demonstrated a need for further briefing in this heavily-litigated case. Following extensive briefing and extended oral argument, the panel affirmed Balwani's convictions and sentence, and the district court's restitution order. *See*, *e.g.*, Dkts. 8, 9, 11, 12, 13, 21, 26, 34, 45, 52, 54, 55, 56, 57,

58, 59, 70, 71, 72, 74, 75, 76, 77, 82, 85, 86, 87, 88.[1] In his petition, Balwani sought rehearing on two narrow grounds: (1) whether one statement by one investor was false testimony that warranted reversing all investor-related counts (despite a contrary outcome with respect to his co-defendant), (2) and whether the panel inappropriately employed harmless error review to the testimony of two former Theranos scientists based on the precedent Balwani held out to the Court in his principle briefing, *United States v. Figueroa-Lopez*, 125 F.3d 1241 (9th Cir. 1997). Dkt. 92. Balwani alleged in his petition that the panel's decision created a circuit split and conflicted with Supreme Court and this Court's en banc precedent. Dkt. 92. An amicus brief was filed in support of Balwani's petition on the harmless error argument. Dkt. 94.

    The Court asked the government to respond. Dkt. 96. The government did so, noting that Balwani identified a fictitious circuit split, providing several other circuits reaching similar holdings as the panel did in this case, and emphasizing that Balwani had done an about-face with respect to *Figueroa-Lopez*. Dkt. 97. The government also noted the immaterial and harmless nature of the two narrow holdings that Balwani challenged given the overwhelming evidence of his guilt presented at his trial. *Id.*

---

[1] In addition, multiple other cases were related to this matter. *See United States v. Holmes*, No. 22-10312; *United States v. Holmes*, Nos. 23-1040, 23-1167; *United States v. Balwani*, No. 23-1166.

2

Balwani now moves this Court to permit him to further brief issues over which much ink has been spilt. Dkt. 100. In doing so, he asks the Court to permit him to file an additional brief that is almost 60% the size of his original petition (2,394 words as compared to his original 4,200 words). *Compare* Dkt. 100, *with* 9th Cir. R. 40-1(a). This is not the first time that Balwani has sought to file an oversized reply, which the Court has previously denied. *See* Dkts. 52, 54, 55, 56, 57, 58, 59.

Furthermore, the substance of Balwani's proposed reply brief—filed contemporaneously with his motion seeking leave to file such a brief (Dkt. 101)—demonstrates that Balwani should not be permitted to weigh in further. As he did in his previously rejected oversized reply brief, Balwani has chosen once again to use the extra space to raise new arguments for the first time in his proposed reply and to impermissibly attempt to incorporate additional arguments that the government noted were abandoned. *See* Dkt. 101 at 14 (attempting to revive Balwani's constructive amendment claim). But this Court does not ordinarily consider arguments raised after an opening brief and reply brief are filed, let alone after oral argument is concluded and a published opinion has issued. *See, e.g.*, *Barnes v. Fed. Aviation Admin.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017) ("Petitioners did not raise this argument in their opening brief, and it is therefore waived."); *Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) ("[By]

3

neglect[ing] to address this issue in his opening or reply briefs[,] [defendant] has waived this claim."). Indeed, the panel already generously considered otherwise waived arguments that Balwani and his co-defendant raised for the first time in Federal Rule of Appellate Procedure 28(j) letters. *See United States v. Holmes*, 129 F.4th 636, 664 (9th Cir. 2025).

Balwani simply does not present any reason to permit an unsolicited reply brief absent further order of the Court requesting one. Therefore, the United States respectfully requests that the Court deny his motion for leave to file a reply in support of Balwani's petition for rehearing or rehearing en banc.

## CONCLUSION

Balwani's motion should be denied.

Dated: August 5, 2025        Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

MERRY JEAN CHAN
Chief, Appellate Section, Criminal Division

   */s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA